JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
TELESPREE COMMUNICATIONS

## DEFENDANTS
MFORMATION TECHNOLOGIES INC.

(b) County of Residence of First Listed Plaintiff  San Francisco, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Middlesex, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

STEPHEN J. AKERLEY (SBN -160757)
O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, California 94025

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | | **PROPERTY RIGHTS** | [x] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Misappropriation of trade secrets.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ In excess of $75,000.
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: July 10, 2008

SIGNATURE OF ATTORNEY OF RECORD

STEPHEN J. AKERLEY (S.B. # 160757)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

Attorneys for Plaintiff
Telespree Communications

E-filing

**FILED**

JUL 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TELESPREE COMMUNICATIONS<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MFORMATION TECHNOLOGIES INC.<br><br>　　　　Defendant. | Case No. CV 08 3347 BZ<br><br>**COMPLAINT FOR:**<br><br>**(1) MISAPPROPRIATION OF TRADE SECRETS,**<br>**(2) BREACH OF NON-DISCLOSURE AGREEMENT,**<br>**(3) CONVERSION,**<br>**(4) UNFAIR COMPETITION,**<br>**(5) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS

For its Complaint, Plaintiff Telespree Communications ("Telespree"), by and through its attorneys, hereby alleges as follows:

**PARTIES**

1.  Plaintiff Telespree is a corporation organized under the laws of California with its principal place of business in San Francisco, California.

2.  On information and belief, Defendant MFormation Technologies Inc. ("MFormation") is a corporation organized under the laws of Delaware with its principal place of business in Edison, New Jersey. On information and belief, Telespree alleges that MFormation does business in California.

**JURISDICTIONAL STATEMENT**

**Jurisdiction**

3.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1332 and 1367(a). The Court has the power to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

**Venue**

4.  Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events that gave rise to Telespree's claims took place within the District, the defendant's tortious conduct was directed at this District, and because Telespree was injured by the defendant's tortious conduct committed in this District.

**Intradistrict Assignment**

5.  This action arises in San Francisco County because Telespree's trade secret technology that is the subject of this litigation was developed and maintained in Telespree's headquarters in San Francisco, California. Pursuant to Civil Local Rule 3-2, this action is properly assigned to the San Francisco Division of the Northern District of California.

**TELESPREE'S TRADE SECRET TECHNOLOGY**

6.  Telespree designs and licenses a software platform for activating, managing, and updating mobile devices "over-the-air," which allows telecommunications

1  companies to automate functions that previously were performed by customer service
2  representatives. Access to Telespree's technology, together with related technical
3  documentation and information, is not commonly provided to the general public or to
4  other persons who can obtain economic value from its disclosure or use. The secrecy of
5  this information provides Telespree a substantial business advantage.

6      7.    Telespree takes reasonable steps under the circumstances to maintain
7  the confidentiality of its technology. Telespree has established trade secret policies for all
8  its employees, maintains physical security in all its buildings, limits access to its
9  technology—including software, specifications, and related information—to employees
10 and business partners who are required to execute strict confidentiality agreements, and
11 strictly monitors access to its technology.

12     8.    Telespree's intellectual property, including its trade secrets, provide
13 it with a competitive advantage in the marketplace. Unauthorized receipt and disclosure
14 of these trade secrets would necessarily harm Telespree's business. Accordingly,
15 Telespree maintains the specifications and details of its technology and related
16 information as a trade secret.

17 **MFORMATION'S ILLEGAL APPROPRIATION AND USE OF TELESPREE'S**
18 **TRADE SECRET TECHNOLOGY**

19     9.    On or about October 17, 2005, Telespree Chief Technology Officer
20 Jim Lavine contacted MFormation to express interest in a potential partnership between
21 Telespree and MFormation. Telespree sought to license MFormation's Device
22 Management (DM) server software into its suite of self-service applications for wireless
23 devices. MFormation executives agreed to discuss partnership opportunities with
24 Telespree.

25     10.   On December 5, 2005, Telespree and MFormation executed an
26 agreement entitled "Mutual Nondisclosure Agreement," a true and correct copy of which
27 is attached hereto as Exhibit A (hereafter, the "NDA"). Under the NDA, the parties agreed
28 that confidential information disclosed to each other during business negotiations would

remain confidential and would not be used "for any purpose except to evaluate and engage in discussions concerning a potential business relationship between the parties."

11. Preliminary business discussions centered on a partnership to provide software solutions to Virgin Mobile USA ("VMU"), a major wireless carrier and a Telespree client. On or about March 3, 2006, at VMU's request, Telespree prepared and delivered a comprehensive document detailing the operations of Telespree's wireless management software and describing how MFormation's technology could be integrated into Telespree's platform. In preparing for this presentation, Telelspree disclosed confidential details of its "bootstrapping" process, a software and network configuration process that allows a mobile device to automatically register and self-configure itself on a wireless network. As then understood by Telespree, MFormation's software product lacked bootstrapping capability for non-programmed devices. During these discussions, Telespree further provided the details of its technology, specifically but not limited to its bootstrapping process as implemented for VMU. Each of Telespree's disclosures, including the detailed discussions of its bootstrapping process, was governed by the terms of the NDA between the parties.

12. On or about March 10, 2006, MFormation's Vice President of Sales, Brian Espy, sent an e-mail to Telespree's Vice President of Sales, Ellen Schwab, proposing the two companies "proceed in a partnership." In that e-mail, Espy explained that MFormation hoped to "license [Telespree software] from you and then pass it along to VMU as a bundled and hosted offering." Schwab responded that Telespree was not interested in permitting MFormation to license and host the Telespree platform, but that the company was interested in pursuing other forms of collaboration.

13. Following Schwab's March 10 message, MFormation terminated all communication with Telespree, despite the interest MFormation had expressed in a partnership.

14. On or about June 30, 2008, Telespree became aware of an MFormation patent application, United States Patent Application No. 20080064367, dated

September 2006. Upon review, Telespree realized that the patent application contained numerous Telespree trade secrets, specifically, but not limited to, the bootstrapping process that had been disclosed to MFormation in or about March 2006. MFormation's claims closely mimic Telespree's bootstrapping process for the over-the-air registration, configuration, and management of wireless devices. On information and belief, MFormation's patent application was developed directly from trade secrets Telespree provided to MFormation in the course of its 2006 discussions, constituting an unauthorized use and disclosure under the parties' NDA.

### FIRST CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets)

15. Telespree incorporates by reference the allegations set forth in each of the previous paragraphs.

16. Telespree's trade secret technology consists of software, documentation, and other information not generally known to the public. This material is the subject of reasonable measures by Telespree to maintain its secrecy, and is the product of substantial investment in money and effort to develop it. Telespree's technology cannot be easily duplicated without specific knowledge of Telespree's trade secrets. The software and documents comprising Telespree's mobile technology therefore constitute "trade secrets" under applicable law.

16. MFormation wilfully and maliciously misappropriated Telespree's trade secret technology by acquiring those trade secrets, which were communicated in confidence and under the terms of the NDA, and using and disclosing them to compete with Telespree, as well as in a patent application, without Telespree's express or implied consent.

17. MFormation's conduct has damaged Telespree and will cause irreparable harm and damage in the future. Telespree is entitled to recover from MFormation the damages sustained as a result of the misappropriation alleged here. The

1  amount of such damages cannot be determined at this time but will be proven at trial.
2  Telespree is further entitled to take sole ownership of all of MFormation's existing or
3  pending patents that incorporate misappropriated Telespree trade secrets.

4      18.    Telespree is informed and believes that MFormation's acts of
5  misappropriation were both willful and malicious, meriting the imposition of punitive
6  damages.

7      19.    Telespree is informed and believes that MFormation are continuing
8  and will continue to misappropriate Telespree technology. By reason of that ongoing
9  misappropriation, Telespree will suffer severe and irreparable harm and damage, and
10 Telespree will be without an adequate remedy at law. Telespree is therefore entitled to an
11 injunction restraining MFormation from misappropriating Telespree technology.

## SECOND CLAIM FOR RELIEF

### (Breach of Non-Disclosure Agreement)

14      20.    Telespree incorporates by reference the allegations set forth in each
15 of the previous paragraphs.

16      21.    At all relevant times, the NDA was valid and in effect.

17      22.    All information about Telespree software the company shared with
18 MFormation in the course of business negotiations constitutes "Confidential Information"
19 under the terms of the NDA.

20      23.    By including Telespree trade secrets in United States Patent
21 Application No. 20080064367, MFormation breached the NDA.

22      24.    Telespree is entitled to recover from MFormation the damages
23 sustained as a result of these breaches of the NDA. The amount of such damages cannot
24 be determined at this time but will be proven at trial. Telespree is further entitled to
25 recover from MFormation the gains, profits, and advantages that MFormation obtained as
26 a result of these breaches. Telespree is currently unable to ascertain the full extent of these
27 gains, profits, and advantages, but will prove the value thereof at trial.

28      25.    Telespree is informed and believes that MFormation is continuing

1  and will continue to breach the NDA. By reason of these ongoing breaches, Telespree has
2  and will suffer great and irreparable harm and damage, and Telespree will be without an
3  adequate remedy at law. As a result, and pursuant to the express terms of the Agreements
4  set forth above, Telespree is entitled to an injunction restraining MFormation from
5  breaching the NDA.

## THIRD CLAIM FOR RELIEF

### (Conversion)

26. Telespree incorporates by reference the allegations set forth in each of the previous paragraphs.

27. At all relevant times, all Telespree technology was and is the sole property of Telespree.

28. Through the acts set forth above, MFormation took the Telespree technology and converted it to its own use, specifically but not limited to, MFormation's claimed ownership of the information contained in its United States Patent Application No. 20080064367.

29. Telespree is entitled to recover from MFormation the damages sustained as a result of these conversions of Telespree's property. The amount of such damages cannot be determined at this time but will be proven at trial. Telespree is further entitled to recover from MFormation the gains, profits, and advantages that MFormation obtained as a result of these conversions. Telespree is currently unable to ascertain the full extent of these gains, profits, and advantages, but will prove the value thereof at trial. Telespree is also entitled to transfer of all rights in and to said Patent Application, including title to and ownership of said Patent Application.

30. Telespree is informed and believes that MFormation's acts of conversion were both willful and malicious, meriting the imposition of punitive damages.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

31. Telespree incorporates by reference the allegations set forth in each

1 of the previous paragraphs.

2     32. Telespree has invested significant resources in developing its technology. Telespree also invests significant resources to market its products effectively against competing companies. Because its technology products constitute the bulk of the Telespree's revenues, these investments are the primary means by which Telespree operates a successful business. MFormation's willful misappropriation therefore constitutes unfair competition against Telespree.

    33. Telespree is entitled to recover from MFormation the damages sustained as a result of MFormation's unfair competition against Telespree. The amount of such damages cannot be determined at this time but will be proven at trial. Telespree is further entitled to recover from MFormation the gains, profits, and advantages that MFormation obtained as a result of its unfair competition. Telespree is currently unable to ascertain the full extent of these gains, profits, and advantages, but will prove the value thereof at trial.

    34. Telespree is informed and believes that MFormation's acts of unfair competition were both willful and malicious, meriting the imposition of punitive damages.

### FIFTH CLAIM FOR RELIEF
**(Breach of the Covenant of Good Faith and Fair Dealing)**

    35. Telespree incorporates by reference the allegations set forth in each of the previous paragraphs.

    36. MFormation represented an interest in a business partnership with Telespree. In so doing, MFormation gained access to information about Telespree technology it would not normally have encountered in the normal course of business. In lieu of culminating the proposed partnership, MFormation willfully and maliciously appropriated Telespree's technology for its own use in breach of the covenant of good faith and fair dealing.

    33. Telespree is entitled to recover from MFormation the damages sustained as a result of MFormation's breach of the covenant of good faith and fair

dealing. The amount of such damages cannot be determined at this time but will be proven at trial. Telespree is further entitled to recover from MFormation the gains, profits, and advantages that MFormation obtained as a result of its breach. Telespree is currently unable to ascertain the full extent of these gains, profits, and advantages, but will prove the value thereof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Telespree Computer, Inc. prays for judgment against MFormation as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For punitive damages in an amount to be determined at trial;
3. For a preliminary injunction restraining the misappropriation of Telespree technology;
4. For an injunction permanently restraining the misappropriation of Telespree technology;
5. For a preliminary injunction restraining the breach of the Agreements;
6. For the transfer of title of United States Patent Application No. 20080064367 and any related applications to Telespree;
7. For costs of suit incurred herein; and
8. For such other relief as the Court deems just and proper.

Dated: July 10, 2008

STEPHEN J. AKERLEY
O'MELVENY & MYERS LLP

By:_____
Stephen J. Akerley
Attorney for Plaintiff
Telespree Communications